FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2013 FEB -1 P 3: 09

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

-------------------------------------------------x
PRO BONO NET, INC.,

                Plaintiff,

v.

LAWHELPNY.ORG,

                Defendant.
-------------------------------------------------x

Civil Action No. 1:13 CV 153 CMH/TRJ

**JURY TRIAL DEMAND**

## PLAINTIFF PRO BONO NET, INC.'S
## VERIFIED COMPLAINT FOR *IN REM* RELIEF

The Plaintiff, Pro Bono Net, Inc. ("Pro Bono Net"), by way of its Verified Complaint against Defendant, <lawhelpny.org>, alleges as follows:

### THE PARTIES

1. Pro Bono Net is a New York non-profit corporation with its principal place of business at 151 West 30th Street, 10th Floor, New York, New York 10001.

2. Upon information and belief, the domain name registrar for the <lawhelpny.org> domain name is April Sea Information Technology Corporation ("April Sea"), with its principal place of business at 7th Floor, 614 Ba Thang Hai Street, Ward 14, District 10, Ho Chi Minh City, Vietnam.

3. Upon information and belief, the domain name registry for the <lawhelpny.org> domain name is the Public Interest Registry, with its principal place of business at 1775 Wiehle Avenue, Suite 200, Reston, Virginia 20190.

4. Upon information and belief, the Registrant of the <lawhelpny.org> domain name is Pham Dinh Nhut, located at 124/109/41B Ly Cinh Thang P7, Ho Chi Minh City, Vietnam 8408 ("Registrant").

1

## NATURE OF THE ACTION

5. This is an *in rem* action under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), for injunctive and other relief relating to the bad-faith registration and use of the domain name <lawhelpny.org>, which contains the distinctive, federally registered trademark LAWHELP owned by Pro Bono Net.

## JURISDICTION AND VENUE

6. This action arises, *inter alia*, under Section 2201 of the Judicial Code, 28 U.S.C. § 2201 and Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125.

7. This Court has subject matter jurisdiction over this action pursuant to Section 39(a) of the Lanham Act, 15 U.S.C. § 1121(a), and Sections 1131 (federal question jurisdiction), 1338(a) (trademark infringement) and 1338(b) (unfair competition) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and (b).

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 15 U.S.C. § 1125(d)(2)(C) because the cause of action arises in this District and the *res*, i.e. the <lawhelpny.org> domain name that is the subject of this action, is maintained by a registry within the boundaries of this District, and which has its *situs* within this District.

9. This Court has *in rem* jurisdiction over the <lawhelpny.org> domain name pursuant to 15 U.S.C. § 1125(d)(2) because Pro Bono Net is informed and believes, and therefore alleges, that this Court lacks *in personam* jurisdiction over the Registrant of the domain name, which would have been the defendant in a civil action pursuant to 15 U.S.C. § 1125(d)(1). On information and belief, Registrant is an individual who resides in the country of Vietnam, and does not have the requisite contacts for this Court to establish *in personam* jurisdiction over Registrant.

## BACKGROUND

10. Pro Bono Net is a national nonprofit organization based in New York City and San Francisco that works in close partnership with nonprofit legal organizations across the United States and Canada to increase access to justice for millions of poor people who face legal

problems every year without help from a lawyer. Pro Bono Net increases access to legal services by supporting the effective use of technology by the nonprofit legal sector, encouraging participation by volunteers and facilitating collaborations among nonprofit legal organizations and advocates.

11.   One of Pro Bono Net's most important legal services is its LAWHELP online resource that assists low to moderate-income people find free legal aid programs in their communities, answer questions about their legal rights, provide court information, and provide links to social service agencies, among other things. Pro Bono Net offers its LAWHELP services at its www.lawhelp.org website on which people can obtain a variety of legal information and resources. Annexed hereto as **Exhibit A** is a true and correct copy of a printout from Pro Bono Net's www.lawhelp.org website showing current use of the LAWHELP trademark. The LAWHELP services provided to the greater New York community are promoted on the www.lawhelp.org/ny website. Annexed hereto as **Exhibit B** is a true and correct copy of a printout from Pro Bono Net's www.lawhelp.org/ny website showing current use of the LAWHELP trademark. Pro Bono Net also owns the domain name <nylawhelp.org>, which redirects users to its www.lawhelp.org/ny website.

12.   Pro Bono Net also uses its LAWHELP trademark in connection with online resources that provide access to various legal documents and assistance with completing such legal documents. Annexed hereto as **Exhibit C** is a true and correct copy of a printout from Pro Bono Net's www.lawhelpinteractive.org website showing current use of the LAWHELP trademark.

13.   Pro Bono Net began using the LAWHELP trademark in commerce in connection with the provision of online legal resources and related services in March of 2001. Continuously since that time, Pro Bono Net has actively promoted and prominently displayed its LAWHELP trademark in connection with its services, including in the <lawhelp.org> domain name and on and its www.lawhelp.org website to which the domain name resolves. The <lawhelp.org> domain name was first registered in 2001 by a Pro Bono Net collaborator and acquired by Pro

3

Bono Net on or about September 2002, As a result of Pro Bono Net's long and continuous use of its LAWHELP trademark, the mark has become distinctive of, and identifies, Pro Bono Net's services.

14. In addition to its valuable common law rights in its LAWHELP trademark dating back to 2001, Pro Bono Net owns United States Registration No. 3,597,774 for its LAWHELP trademark in connection with "providing law related information, namely, providing information relating to legal affairs, court information, and information about social service agencies, legal aid programs and non-profit legal service providers via an on-line global computer network." Annexed hereto as **Exhibit D** is a true and correct copy of Pro Bono Net's U.S. Registration No. 3,597,774. Pro Bono Net's Registration No. 3,597,774 is valid and subsists on the Principal Register of the United States Patent and Trademark Office.

15. Pro Bono Net has spent considerable time, money and effort promoting and developing customer recognition and goodwill in its LAWHELP trademark and <lawhelp.org> domain name nationwide.

16. On information and belief, in or around April 2012, long after Pro Bono Net acquired rights in its LAWHELP trademark and obtained its federal registration for its LAWHELP trademark, Registrant acquired the <lawhelpny.org> domain name by procuring the domain name from its prior owner, which was identified as "Navigation Catalyst." Attached hereto as **Exhibit E** is the whois record for the domain name. Navigation Catalyst originally registered the <lawhelpny.org> domain name on August 22, 2006 – five years after Pro Bono Net began use of its LAWHELP trademark. Attached hereto as **Exhibit F** is the historic whois record for the domain name.

17. On May 16, 2012, after learning of the <lawhelpny.org> domain name, Pro Bono Net filed a Uniform Domain Name Dispute Resolution Policy ("UDRP") Complaint with the National Arbitration Forum against the Registrant of the <lawhelpny.org> domain name, which was designated Claim No. FA1205001444374. Because the Registrant used a privacy service to hide the Registrant's identity, it was not until after the filing of the UDRP complaint that the

Registrant's name and contact information was revealed.

18.     A decision was rendered in the UDRP action by the assigned Panel on August 10, 2012 denying relief to Pro Bono Net. The sole UDRP panelist concluded that the domain name was confusingly similar to Pro Bono Net's LAWHELP trademark but held that the Registrant had an interest in using the domain name <lawhelpny.org> because, in the panelist's view, "lawhelp" is a descriptive term. As evidenced by Pro Bono Net's federal trademark registration for its LAWHELP mark, LAWHELP has become distinctive of Pro Bono Net's services and serves as a distinctive source identifier of Pro Bono Net's services. Pro Bono Net's U.S. Trademark Registration No. 3,597,774 constitutes *prima facie* evidence of the validity of Pro Bono Net's LAWHELP trademark. In reaching his decision, the panelist disregarded both Pro Bono Net's federally registered trademark rights and the fact that the LAWHELP mark had been used continuously for the five years preceding Navigation Catalyst's original registration of the domain name. In addition, the finding by the UDRP panelist is not binding on this Court. *See* Uniform Domain Name Dispute Resolution Policy, § 4(k); *see also Virtual Countries, Inc. v. Republic of South Africa*, 300 F.3d 230, 233 (2d Cir. 2002).

19.     Registrant is a repeat cybersquatter with a pattern of registering and using domain names containing the trademarks of others. Registrant has been involved in at least three UDRP actions in which the panels found that Registrant registered and used domain names in bad faith and ordered the transfer of the domain names. *See The Charlotte-Mecklenburg Hospital Authority d/b/s Carolinas HealthCare System v. Pham Dinh Nhut*, FA1434556 (Nat. Arb. Forum May 29, 2012) (ordering transfer of <carolinashealth.org> domain name based Complainant's rights in CAROLINAS HEALTHCARE SYSTEM); *TaxHawk, Inc. v. Pham Dinh Nhut*, FA1431444 (Nat. Arb. Forum, May 29, 2012) (ordering transfer of <freetaxusa.org> domain name based on Complainant's rights in FREETAXUSA trademark); *FCOA, LLC v. Pham Dinh Nhut*, FA1413706 (Nat. Arb. Forum, Dec. 21, 2011) (ordering transfer of <foremostpayonlin.com> domain name based on Complainant's rights in FOREMOST PAYONLINE).

20. As further evidence of Registrant's pattern of behavior, Registrant is currently listed as the owner of two domain name registrations that potentially include trademarks of third parties. Specifically, Registrant owns the domain name <xenical-la.com>, which is presumably based on Hoffmann-La Roche Inc.'s ("Hoffmann-La Roche") rights in its registered trademark for XENICAL (Reg. No. 1,906,281). A Hoffmann-La Roche related entity owns the domain name <xenical.com> and uses this domain name in connection with its XENICAL prescription weight-loss drug. Registrant's <xenical-la.com> domain name is presumably used to derive revenue from the associated website, which contains revenue-generating links to information about medical products and information, including, "Diet Pill," "Medical Alert," "Online Pharmacy," and "Prescription Medication." Additionally, Registrant owns the domain name <thrvent.com>, which is presumably a misspelling of Thrivent Financial for Lutherans Fraternal Benefit Society's ("Thrivent Financial") rights in its registered trademark for THRIVENT (Reg. No. 2,185,440). Thrivent Financial has the domain name <thrivent.com> and uses this domain name in connection with its THRIVENT financial planning services. Registrant's <thrvent.com> domain name is presumably used to derive revenue from the associated website, which contains revenue-generating links to information about financial planning, including "Investment," "Financial Services," "Finance Investment," and "Investment Advice."

21. Registrant has continued its pattern of unlawful behavior by registering and using the <lawhelpny.org> domain name to derive revenue from the associated website, which contains revenue-generating links to information about legal services and legal providers, including "legal aid," "free legal aid," "divorce lawyer's –NY," "family rights help" and "legal aid family law" upon reaching the www.lawhelpny.org website.

22. Internet users are likely to be misled into believing that the website is affiliated with Pro Bono Net's LAWHELP services, which provides referrals to legal aid organizations, among other things. A printout of the www.lawhelpny.org website showing advertisements for legal aid services and other legal services is shown below:



Upon information and belief, the legal services advertised in connection with the <lawhelpny.org> domain name also include for-profit legal services. As a result, those familiar with Pro Bono Net's LAWHELP services, which provide information about free legal resources, are likely to be disappointed by being directed to for-profit legal services from the www.lawhelpny.org website, to the detriment of Pro Bono Net and its federally registered LAWHELP trademark.

23. Upon information and belief, Registrant is intentionally and willfully attempting to divert consumers looking for Pro Bono's LAWHELP services to the www.lawhelpny.org website. Registrant is damaging the goodwill represented by Pro Bono Net's LAWHELP trademark for Registrant's own commercial gain by misleading consumers into believing that Pro Bono Net is the source of, has sponsored or endorsed, or is otherwise affiliated with the <lawhelpny.org> domain name and associated website. The confusing nature of the <lawhelpny.org> domain name is exacerbated by the fact that the domain name extension, or top-level domain name, used is the ".org" extension, which is associated with not for profit websites, such as Pro Bono Net's actual www.lawhelp.org website and Pro Bono Net's

<nylawhelp.org> domain name, which redirects users to Pro Bono Net's www.lawhelp.org/ny website. Consumers are likely to believe, mistakenly, that the www.lawhelpny.org website is the website for the New York chapter of LAWHELP, which provides information about its services at www.lawhelp.org/ny.

24. Registrant acquired and/or is using the <lawhelpny.org> domain name in bad faith, with full knowledge of Pro Bono Net's prior use and ownership of the LAWHELP trademark. Registrant has a bad faith intent to profit from the federally registered LAWHELP trademark by capitalizing on the likelihood of confusion caused by the <lawhelpny.org> domain name and displaying pay-per-click links on the www.lawhelpny.org website.

25. Registrant's continued use of the <lawhelpny.org> domain name constitutes cybersquatting, and it is likely to cause confusion, to cause mistake, and to deceive as to the origin, source, or sponsorship of the domain name website and the businesses listed on the domain name.

## FIRST CLAIM FOR RELIEF:

**Federal Trademark Cyberpiracy Violation of 15 U.S.C. §1125(d)**

26. Pro Bono Net repeats and realleges each and every allegation of paragraphs 1-25 of this Complaint with the same force and effect as if set forth in their entireties at this point.

27. Plaintiff is the owner and user of the federally registered LAWHELP trademark.

28. The trademark LAWHELP is distinctive of the services for which it continuously has been used and registered, and was distinctive since at least as early as when the <lawhelpny.org> domain name was originally registered.

29. Registrant has no rights in the trademark LAWHELP or the <lawhelpny.org> domain name.

30. Registrant's <lawhelpny.org> domain name is identical to or confusingly similar to Pro Bono Net's distinctive LAWHELP trademark.

31. Registrant has registered, trafficked in, used, and/or is using the <lawhelpny.org> domain name with the bad faith intent to profit from Pro Bono Net's LAWHELP trademark.

8

32. Registrant's actions constitute a violation of Lanham Act § 43(d), 15 U.S.C. § 1125(d).

33. Pro Bono Net has been, is now, and will be irreparably harmed by Registrant's aforementioned acts, and, unless enjoined by the Court, Defendant's unauthorized use of the <lawhelpny.org> domain name will continue, and there is no adequate remedy at law for the harm caused by the acts alleged herein.

34. Pro Bono Net has exercised due diligence but has been unable to find a person who would have been a defendant in a civil action brought under 15 U.S.C. § 1125.

35. Since Pro Bono Net owns the exclusive right to the LAWHELP trademark, and the Registrant has no rights to it whatever, it is appropriate for this Court to declare Pro Bono Net the rightful owner of the <www.lawhelpny.org> domain name and order transfer of the <www.lawhelpny.org> domain name.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court:

1. Declare, adjudge, and decree that Plaintiff is the sole legal and equitable owner of the <lawhelpny.org> domain name;
2. Order the registry of the <www.lawhelpny.org> domain name to transfer the <www.lawhelpny.org> domain name to transfer the domain name to Plaintiff; and
3. Award such other and further relief that this Court may deem just and equitable.

## VERIFICATION

I, Mark O'Brien, declare as follows:

I am the Executive Director of Plaintiff Pro Bono Net, Inc. ("Pro Bono Net"). I am over the age of twenty-one (21), have never been convicted of a crime involving moral turpitude, and am otherwise fully competent to make this Verification. I have read the foregoing Plaintiff Pro Bono Net, Inc.'s Verified Complaint for *In Rem* Relief, and the statements contained therein are

true and correct and are within my personal knowledge or based upon information supplied to me by officers of, or persons employed or retained by, Pro Bono Net who are knowledgeable of such contents.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 22 day of January, 2013.

By: /s/ Mark H. O'Brien
Mark O'Brien

Respectfully submitted,

FISH & RICHARDSON P.C.

Dated: February 1, 2013

By: /s/ Anne M. Sterba
Anne M. Sterba (43235)
Fish & Richardson P.C.
1425 K Street, NW
11th Floor
Washington, DC 20005
Tel.: (202) 783-5070
Fax: (202) 783-2331
asterba@fr.com

**OF COUNSEL**
Cynthia Johnson Walden
Sara M. O'Coin
Fish & Richardson P.C.
One Marina Park Drive
Boston, MA 02210
Tel: (617) 542-5070
Fax: (617) 542-8906
walden@fr.com
ocoin@fr.com

ATTORNEYS FOR PLAINTIFF
PRO BONO NET, INC.